IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYNELL L. SILVA-BORERO, | CIV. NO. 19-00265 JMS-RT |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| vs. | |
| EQUIFAX, INC., | |
| Defendant. | |

## ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

## I.  INTRODUCTION

On August 26, 2019, pro se Plaintiff Raynell L. Silva-Borero filed both a First Amended Complaint ("FAC") against Defendant Equifax, Inc. ("Equifax"), and her Affidavit, which the court construes to be an exhibit attached to the FAC.  ECF Nos. 12, 13.  Pursuant to Local Rule 7.1(c), the court finds this matter suitable for disposition without a hearing.  For the reasons set forth below, the court DISMISSES the FAC with leave to amend, for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2).

///

///

///

## II. <u>BACKGROUND</u>

**A.     The Complaint**

On May 28, 2019, Plaintiff filed her original Complaint and an Application to Proceed in forma pauperis ("IFP Application").  ECF Nos. 1-2.  The Complaint alleged that Plaintiff was a victim of a 2017 Equifax data breach, and that she is injured "in that [she does] not know who may have [her] personal data or where [her] data is being used as a result of the fraudulent data breach."  ECF No. 1-1 at 3.  The Complaint further alleged that Plaintiff sent to Equifax various "Proofs of Claim" and "Affidavits"; that by failing to respond, Equifax "agreed and acquiesced" to the facts and "Proofs of Claim" set forth in those documents; and that Equifax is therefore liable to Plaintiff and 148 million Americans for $75 million, including "triple and punitive damages and costs."  *Id.* at 3-4, 8, 12-14.

On July 29, 2019, this court granted Plaintiff's IFP Application, dismissed the Complaint for failure to state a claim, and granted Plaintiff leave to amend (the "July 29 Order").  ECF No. 11.  More specifically, the July 29 Order found that

> Plaintiff fails to identify any specific tort Equifax committed and fails to allege facts to support some unspecified tort.  To the extent Plaintiff may be attempting to assert a fraud claim, the Complaint fails to allege facts with the requisite particularity to state a plausible claim. . . .
> . . .

2

> Further, . . . Plaintiff fails to identify or provide a copy of
> any applicable contract between the parties. . . .
>
> Plaintiff appears to base this action solely on Equifax's
> failure to respond to Plaintiff's documents.  But absent
> some duty or contractual obligation, Equifax's failure to
> respond does not create a cognizable claim.

*Id.* at 6-7.  The July 29 Order explained that if Plaintiff chooses to amend, she must

write short, plain statements telling the court:

> (1) the specific basis of this court's jurisdiction; (2) the
> legal right Plaintiff believes was violated; (3) the name of
> the defendant who violated that right; (4) exactly what
> that defendant did or failed to do; (5) how the action or
> inaction of that defendant is connected to the violation of
> Plaintiff's rights; (6) what specific injury Plaintiff
> suffered because of that defendant's conduct; and
> (7) what relief Plaintiff seeks.

*Id.* at 9-10 (internal footnote omitted).  And the July 29 Order explained that in

order to establish the court's subject-matter jurisdiction based on diversity—which

requires complete diversity of the parties' citizenship and that the matter in

controversy exceed $75,000—Plaintiff must, in part, "include good faith

allegations of injury or damages of at least $75,000."  *Id.* at 9 n.3.

## B.    The FAC

On August 26, 2019, Plaintiff filed her FAC—a generic "Complaint

for a Civil Case" form that she filled out.  ECF No. 12.  Plaintiff checked the box

indicating that subject-matter jurisdiction is based on diversity and alleges that she

is a citizen of Hawaii, Equifax is incorporated and has its principal place of

3

business in Georgia, and the amount in controversy is $75 million.  *Id.* at 4-5.  The

FAC alleges that Equifax's failure to notify Plaintiff in September 2017 of the data

breach "prevented [Plaintiff] from doing something" and now her "information is

all over the world.  Permanently damaging important information [is] now in the

hand of criminals."  *Id.* at 5.

More specifically, Plaintiff states in her Affidavit that "on September

8, 2017 Equifax had a data breach," that she was not informed at that time of the

breach, and that "[i]t was only this year, 2019, that [she] learn[ed] that all of [her]

most important information was affected and [is] now in the hands of anyone."

ECF No. 13 at 1.  Plaintiff states that the data breach has impacted her life in the

following ways:

1. Trouble getting credit, have fraud alert on it
2. Money charge straight out of my accounts
3. People trying to open addresses using my name
4. Calls daily, ranging from IRS, Social Security, FBI, and Scams
5. Dark web breach

*Id.*  In her Affidavit, Plaintiff states that she seeks unspecified "relief and

compensation." *Id.*[1]

---

[1] The FAC alleges that the amount in controversy is $75 million, but in response to the
complaint form's instruction to "[s]tate briefly and precisely what damages or other relief the
plaintiff asks the court to order," Plaintiff wrote:

(continued . . . )

### III.  <u>STANDARD OF REVIEW</u>

The court must screen the pleading for each civil action commenced pursuant to 28 U.S.C. § 1915(a), governing IFP proceedings.  The court must sua sponte dismiss a complaint or claim that is "frivolous or malicious[,] . . . fails to state a claim on which relief may be granted[,] or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).

Screening under § 1915(e)(2) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).  *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (recognizing that a complaint that fails to allege a cognizable legal theory or alleges insufficient facts

---

Personal Information that can never be private.  Lack of creditability with fraud alerts.  Access to accounts that have been stolen from and use of our information in all parts of the world.  It's happening now.  And can never be stopped.  Until I'm dead causing permanent damage.

ECF No. 12 at 6.

under a cognizable legal theory fails to state a plausible claim) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  However, although the court must accept as true allegations of material fact, it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678).  That is, conclusory statements, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," and factual allegations that only permit the court to infer "the mere possibility of misconduct" fall short of meeting the plausibility standard.  *Iqbal*, 556 U.S. at 678-79; *see also Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Because Plaintiff is proceeding pro se, the court liberally construes the FAC and resolves all doubts in her favor.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The court must grant leave to amend if it appears that Plaintiff can correct the defects in the FAC, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate.  *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013); *see also Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons "repeated failure to cure deficiencies by

amendments previously allowed . . . [and] futility of amendment") (citation omitted).

## IV.  <u>DISCUSSION</u>

### A.    The FAC Fails to State a Claim[2]

Plaintiff now appears to base her claim on Equifax's failure to (1) notify her of the data breach when it happened in September 2017, and/or (2) "answer[] . . . [her] attempts to try and work to solve what can be done."  ECF No. 13 at 1.

### 1.    *Failure to Provide Immediate Notification of the Data Breach*

Under Hawaii law, "any business that . . . maintains or possesses records or data containing personal information of residents of Hawaii that the business does not own or license . . . shall notify the owner or licensee of the information of any security breach immediately following discovery of the breach . . . ."  Haw. Rev. Stat. ("HRS") § 487N-2(b).  And HRS § 487N-3(b) provides a private cause of action for "actual damages sustained by the injured party as a result of the violation" of § 487N-2(b).

---

[2] This order does not address whether Plaintiff has sufficiently alleged a case or controversy to establish subject-matter jurisdiction.  *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

But even assuming that Equifax failed to notify Plaintiff of the data breach in accordance with the statute,[3] Plaintiff fails to allege sufficient facts showing that she suffered actual damages as a result of Equifax's failure.  For example, Plaintiff fails to allege precisely how Equifax's failure to immediately notify her of the data breach caused her to experience difficulty obtaining credit.  Nor does she allege when money was charged from what account or any other facts showing that any financial loss to her was caused by Equifax's failure to immediately provide notification of the data breach.

Rather, Plaintiff alleges harm resulting from the actual data breach, not from Equifax's failure to immediately notify Plaintiff of that breach.  *See* HRS § 487N-3(b) (authorizing an award of "actual damages sustained by the injured party *as a result of the violation*" of § 487N-2(b)) (emphasis added).  The fact that Equifax had a data breach is not a violation of § 487N-2(b).  Thus, by failing to allege actual damages caused by Equifax's alleged failure to immediately notify Plaintiff of the data breach, Plaintiff fails to state a § 487N-2(b) claim for relief.

---

[3] HRS § 487N-2(e) sets forth various methods by which notice may be provided, including individual written, electronic or telephonic notification; or, where the cost or number of individuals to be notified is large, by posting notice on the business' website or by notifying major statewide media.  And it appears that in September 2017, Equifax announced a data breach that exposed the personal information of 147 million people.  *See* https://www.ftc.gov/ enforcement/cases-proceedings/refunds/equifax-data-breach-settlement (last visited October 10, 2019).

Further, Plaintiff fails to allege any other source of a legal duty requiring Equifax to notify her within a specified period of time of a data breach. Thus, Plaintiff fails to state a plausible claim for relief based on Equifax's alleged failure to notify her at the time of the data breach.

### 2.    *Equifax's Failure to Respond to Plaintiff*

As the July 29 Order explained, "absent some duty or contractual obligation, Equifax's failure to respond does not create a cognizable claim." ECF No. 11 at 7-8. Here, again, Plaintiff does not identify the source of any legal duty requiring Equifax to respond to Plaintiff's "attempts to try and work to solve what can be done." ECF No. 13 at 1. Nor does Plaintiff allege sufficient facts to support a negligence or some other unspecified tort claim.

For example, to state a claim for negligence under Hawaii law, Plaintiff must allege: (1) Equifax's duty to conform to a certain standard of conduct; (2) Equifax's breach of the duty; (3) a causal connection between the breach and the injury; and (4) actual damages. *See Garcia v. City & Cty. of Honolulu*, 2019 WL 1982517, at *18 (D. Haw. May 3, 2019) (citations omitted); *see also Molfino v. Yuen*, 134 Haw. 181, 184, 339 P.3d 679, 682 (2014) (setting forth elements of negligence claim and emphasizing that a "prerequisite to any negligence action is the existence of a duty owed by the defendant to the plaintiff") (citations omitted). But the FAC does not allege facts sufficient to show the

9

existence of a legal duty requiring Equifax to respond to Plaintiff following the data breach.

Thus, even construed liberally, the FAC (including Plaintiff's Affidavit) neither asserts a claim nor alleges facts under a cognizable legal theory sufficient to state a plausible claim for relief. *See UMG Recordings, Inc.*, 718 F.3d at 1014; *Balistreri*, 901 F.2d at 699. The FAC is DISMISSED for failure to state a claim.

## B.     Leave to Amend

Although it appears that further amendment may be futile, the FAC is dismissed without prejudice. That is, the court grants Plaintiff one more opportunity to amend by November 12, 2019 to attempt to assert a plausible claim for relief. Plaintiff is reminded that if she chooses to amend, she must write short, plain statements telling the court: (1) the specific basis of this court's jurisdiction,[4] (2) the legal right or law Plaintiff believes was violated; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of

---

[4] Plaintiff is reminded that as set forth in the July 29 Order, if she alleges diversity as a basis for subject-matter jurisdiction, she must include good faith allegations of injury or damages of at least $75,000. *See* ECF No. 11 at 9 n.3 (citations omitted). That is, she must allege facts showing injury valued at or actual damages in the amount of at least $75,000. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938).

Plaintiff's rights; (6) what specific injury Plaintiff suffered because of that defendant's conduct; and (7) what specific relief Plaintiff seeks.

An amended complaint generally supersedes a prior complaint and must be complete in itself without reference to the prior pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). The amended complaint must state that it is the "Second Amended Complaint," and it may not incorporate any part of the original Complaint or FAC by reference, but rather, any specific allegations must be retyped or rewritten in their entirety. Plaintiff may include only one claim per count. Failure to file an amended complaint by November 12, 2019 will result in automatic dismissal of this action.

## V. **CONCLUSION**

Based on the foregoing, the FAC is DISMISSED for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff is GRANTED leave to file an amended complaint on or before November 12, 2019 that attempts to cure the deficiencies set forth above. Failure to file an amended complaint by November 12, 2019 will result in automatic dismissal of this action without prejudice.

///

///

///

To assist Plaintiff in her effort to comply with this order, the Clerk of Court is DIRECTED to send Plaintiff a copy of the court's pro se civil complaint form.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 10, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Silva-Borero v. Equifax, Inc.*, Civ. No. 19-00265 JMS-RT, Order Dismissing First Amended Complaint With Leave to Amend